# U.S. Department of Justice
## United States Marshals Service

### PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Demetrius Johnson | 08C900 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| MR. Goodwill, et al. | S/C |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
: Ms. Jackson, Cook County Dept. Corr. Officer, Div. 8

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** 2700 S. California Ave. 2nd Flr. div. 5 Chicago, IL 60608 Legal Dept.

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Demetrius Johnson #2005-0086668
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
MAY 13 2008 PH
May 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Signature of Attorney or other Originator requesting service on behalf of:  ☑ PLAINTIFF  ☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| | 03-04-08 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 4 of 4 | 24 | 24 | | 03-04-08 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☑ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

NOT SERVED

| Date of Service | Time | |
|---|---|---|
| 5/08/08 | 11:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| One | Service fee charged | | Same case + location | | |

REMARKS: 1-DUSM  16-miles  Need more information eg. First, Last name and Badge number.
2-Hours

See process sheet # 1 for charges.

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

_____
(DISTRICT)

## Waiver of Service of Summons

**TO:** Demetrius Johnson
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Ms. Jackson, Corrections Officer, acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Demetrius Johnson vs. Mr. Goodwill, et al.
(CAPTION OF ACTION)

which is case number 08C900 in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 04, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                      SIGNATURE

Printed/Typed Name: _____

As _____ of _____
   TITLE                CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 0900 | DATE | 2/28/08 |
| CASE TITLE | Demetrius Johnson (#2005-0086668) vs. Mr. Goodwill, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $10.50 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Status hearing set for 4/25/08 at 10:00 a.m.

■ [For further details see text below.]     Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, four correctional officers at the jail, violated the plaintiff's constitutional rights by using unjustified force against him and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendants attacked him and then denied him needed care for his injuries.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook **(CONTINUED)**

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY [signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 2/29/08

mjm

Page 1 of 2

| STATEMENT (continued) |
|---|

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). Furthermore, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on the defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
Northern District of Illinois

SUMMONS IN A CIVIL ACTION

Demetrius Johnson

**CASE NUMBER:** 08cv0900
**JUDGE:** Bucklo

vs.

Mr. Goodwill et al
Defendant

**TO:** Ms. Jackson

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name: Demetrius Johnson
#2005-0086668
Address: Cook County Jail
P.O. Box 089002
City: Chicago, IL 60608

an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Enjoli Fletcher
Deputy Clerk

Dated: 2/29/08

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ] Served personally upon the defendant. Place where served: _____

_____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:
_____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                              Signature of Server

                                        _____
                                        Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**FILED**
**FEBRUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EF

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**
FEB 12 2008
Feb 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Mr. Demetrius Johnson

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Mr. Goodwill
Mr. Jackson
Ms. Clay
Mr. Keith

**08CV900**
**JUDGE BUCKLO**
**MAG. JUDGE BROWN**

Cas
(To _____ by the Clerk of this Court)

(Enter abov
defendants
use "et al."

IF UNABLE TO SCANN:

CHECK O

☒ PLEASE DOCKET AND RETURN
STAFF LAW CLERK ROOM 2302

HTS ACT, TITLE 42 SECTION 1983
fendants)

TION ("BIVENS" ACTION), TITLE
fendants)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. Plaintiff(s):

Revised: 7/20/05

A. Name: MR. Demetrius Johnson

B. List all aliases: _____

C. Prisoner identification number: 20050086668

D. Place of present confinement: Cook County Jail/Division 10

E. Address: 2700 S. California Ave., Chicago, Illinois 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: MR. Goodwill (Division 8)

Title: Cook County Department of Corrections Officer

Place of Employment: 2700 S. California Ave., Chicago, Illinois 60608

B. Defendant: MR. Jackson (Division 8)

Title: Cook County Department of Corrections Officer

Place of Employment: 2700 S. California Ave., Chicago, Ill. 60608

C. Defendant: Ms. Clay (Division 8) ~~Cook County Department of Corrections~~ Nurse

Title: Cook County Department of Corrections Nurse

Place of Employment: 2700 S. California Ave, Chicago, Ill. 60608

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendant: MR. Keith (Division 8)
Title: Cook County Department of Corrections Officer
Place of Employment: 2700 S. California Ave, Chicago, Illinois 60608

2

Revised: 7/20/05

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (●)   NO ( )   If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (●)   NO ( )

C. If your answer is YES:

1. What steps did you take?
On June 02, 2007, I prepared a grievance and gave it to a social worker in Division 8 Mental Health Unit. And she assigned it a Grievance Control No. #2007X1217.

2. What was the result?
The grievance issue was referred to the internal Affairs for an investigation. Name Patrick Murphy to investigate for staff abuse.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

_____
_____
_____

D. If your answer is NO, explain why not:

_____
_____
_____

3

Revised: 7/20/05

E. Is the grievance procedure now completed? YES (●) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )

G. If your answer is YES:

   1. What steps did you take?

      _____
      _____
      _____

   2. What was the result?

      _____
      _____
      _____

H. If your answer is NO, explain why not:

   _____
   _____
   _____

IV.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

   A.   Name of case and docket number: _____

   B.   Approximate date of filing lawsuit: _____

   C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

   D.   List all defendants: _____

   E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

   F.   Name of judge to whom case was assigned: _____

   G.   Basic claim made: _____

   H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

   I.   Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V.   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

### Count (1)

On May 02, 2007, Defendant Mr. Goodwill, Mr. Jackson and Mr. Keith, Ms. Clay, did, on this day, while acting under color of state law in their individual capacity, as Cook County Department of Corrections Employees, did, on this day, conspired together to beat up the Plaintiff Mr. Demetrius Johnson, causing injury and then proceeding to deny the Plaintiff medical treatment for his injuries in violation of his Fourth Amendment Right to be secured in his person against unreasonable use of force and unreasonable denial of medical treatment.

Defendant Goodwill and Jackson and other officers beat the Plaintiff up and Nurse Clay refused to treat the Plaintiff injuries and refused to document those injuries in an effort to conceal the injuries to exonerate the defendant's from civil liability.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) Plaintiff Demand A Jury trial

2) Plaintiff Request $10,000 00 in punitive Damages

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 10 day of 12, 20 07

_Demetrius Johnson_
(Signature of plaintiff or plaintiffs)

MR. Demetrius Johnson
(Print name)

20050086668
(I.D. Number)

Cook County Jail (Division 10)
2700 S. California Ave, Chicago Ill. 60608
(Address)

8

Revised: 7/20/05

Mr. Demetrius Johnson #20050086668
Cook County Jail
Division 10
P.O. Box 089002
Chicago, Illinois 60608

September 10, 2007

To: Mr. Thomas J. Dart
Cook County Sheriff Office
Richard J. Daley Center
50 W. Washington Street /Suite 704
Chicago, Illinois 60602
(312) 603-4444

## Request For Investigation

Dear Help

On May 02, 2007, I was housed in Division 8 Psychiatric Unit in Dorm A-2 when I assisted a female officer name Ms. Jackson with restraining an inmate name inmate Frank White. While this inmate Frank White was on the floor inmate White tried to strike Officer Jackson and in an effort to block the inmate punch Officer Jackson scratched herself on the side of her face and blamed inmate White. When the other officer's came to assist Officer Jackson they took inmate White to the clothing room and beat him up outside the presence of us inmates. And an inmate worker came in the dorm and told everyone that the officers beat Frank up real bad and that he had alot of blood on his face.

Officer Goodwill came in the dorm to get inmate Frank White I.D. and I asked him if I could speak to him. And told me to come up and say what I have to say. And I said "Officer Goodwill why y'all beat up on the old man like that, I stoped him from hitting Officer Jackson?"

And Officer Goodwill responded saying "Take your motherfucken ass to your bunk." And as I walked away I replied, "You don't have to disrespect me like that, I don't have time for your kiddy games, I'm going to my bunk." And as I walked away Officer Goodwill came behind me and punched me in the back of my head and then grabbed me around my kneck and began choking me until I couldn't breath.

Pg. 1 of 3

I pushed Officer Goodwill hand off my kneck and pushed him back and I told him I don't want to fight him. I just want to go to my bunk. And that he not suppose to be jumping on me like this. And when I turned to try to walk away Officer Goodwill ran up behind me and attacked me again, hitting and punching me. And I got off the ground and ran around the bunk and he tried to punch me in the head. And when he tried to kick me he fell on the ground and a white officer came in the dorm and told me to lay down. And when I laid down on the ground Officer Goodwill kicked me in my face and the white officer began punching me in my back.

Then Officer Goodwill grabbed my foot and began pulling me to the door and once they got me to the door he told me to get up and go into the hallway. And as I went into the hallway he punched me again in the back of my head real hard. And while I was in the hallway I yelled for help asking someone to get Officer Goodwill off me. Officer Goodwill then came into the hallway and lied to the other officer's alleging I swung at him and then the other officers came running down the hallway and began punching and kicking me. And when they were done they told me to go down the hallway.

As I was walking down the hallway officers were taking shots at me, punching and slapping me until I reached the nurses desk. And when I sat down in the chair waiting for the nurse another officer walked up a started slapping me. And thats when Nurse Clay came and asked me what was wrong. I told her the officers jumping on me, my head, left ankle, thumb and left rist were hurting and she began looking for cuts and bruises. But refused to document my bruises and said nothing was wrong with me and refused to send me to Cermak for medical treatment.

An officer then came around the corner and I asked him why were they jumping on me; I did not touch Officer Goodwill. And the officer told me to shut up bitch and come around the corner. And when I went around the corner there were 12-officers and a sergeant waiting there. The sergeant then attacked me which gave the other officers approval to beat me up.

One officer told me to lay down on the ground and put my hands behind my back while other officers continued to punch me. While I was on the ground I was struck in the face and ribbs with handcuffs. And while I was being struck the officers were hollaring out loud so other people could hear, "stop resisting, stop resisting," to make it sound like I was resisting.

Pg. 2 of 3

While I was on the ground I looked up and saw a psych worker name Pete and I asked him to please stop the officers from hitting me and he kept on going down the hallway then stoped and watched the officers continue to beat on me. When the officers got the handcuffs on my rist. Officer Keith grabbed my head and banged it on the ground. The sergeant was helping these 12- officers. And then I was told to get up and go down the hallway. And while walking Officer Goodwill tried to attack me again but the other officers held him back.

Then when I made it down to the post and sat on the bench Lieutenant Blunt #195 asked me what happened and I told her what happened and that she can ask the other inmates in the dorm to verify my allegations. And she went and talked to the other inmates and came back and said I was right and that Officer Goodwill was wrong. And then she started talking to Officer Goodwill and a Female Superintendant name Ms. Lizar walked down the hallway and stould by me and shook her head and walked away. But didn't say anything to me like she was unconcerned.

Then Lieutenant Blunt #195 told an inmate worker to go pack up my property. And Officer Goodwill went into my property and took my legal documents which consisted of my criminal history record, my indictment and grand jury transcripts and some more legal documents I got from the Law Library and began showing the other officers and inmates.

When I saw Officer Goodwill showing off my legal documents I told Lieutenant Blunt #195 what he was doing and she didn't do nothing about what was going on. I wrote up a grievance dated June 02, 2007 and it was assigned a control # 2007X1217 and it was refered to the internal affairs department and nothing has happened. They never contacted me.

According to Chapter 725 ILCS 5/103-2(a) persons in custody is suppose to be treated humanely. And according to the County Jail Act under chapter 730 ILCS 125/3 the sheriff Mr. Thomas J. Dart is responsible for the training of these officers. And if his training consist of abuse of detainees this matter should be investigated for Fourth Amendment civil rights violations. And I would like this matter investigated, Sheriff Phone Number is (312)603-4444.

Respectfully Submitted
_Demetrius Johnson_
Complainant    Demetrius Johns

Pg. 3 of 3

Part-A / Control #: 2007 X 1217

Referred To: _____

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Johnson        First Name: Demetrius

ID #: 2005-0096668    Div.: 9    Living Unit: A2    Date: 6/2/07

BRIEF SUMMARY OF THE COMPLAINT: On May 5-2-07 officer Ms. Jacson had a altercation with a inmate name Frank white. I jumped in and helped officer Ms. Jacson by restrain the inmate Frank white. Another officer came in and took Frank white the inmate in the hallway and jump on him. Officer goodwill came on the teir to get his I.D.. I approach officer goodwill and ask officer goodwill why the offiers jump on that old man because he did not hit officer Ms. Jacson we stop the inmate from hitting her. Officer goodwill said take my M-F to the bunk and I said don't disrepect me I'm going to my bunk he said gonna take my M-F to the bunk I said I don't got time for child games. And then offier goodwil peach me in the back of the head and choke me I push his hand off my neck and said you don't need to hit me like that and then he star to fight me into the hall way and said I try to fight him and 12 officers came runing down the hallway and jump on me bang my head into the cement floor.

A2 Dorm PSCH AR. Peter
NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

Law Suits (sue)
ACTION THAT YOU ARE REQUESTING:

DETAINEE SIGNATURE: Demetrius Johnson

C.R.W.'S SIGNATURE: _____    DATE C.R.W. RECEIVED: __/__/__

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY - PROG. SERV.) (YELLOW COPY - C.R.W.) (PINK COPY - DETAINEE) (GOLDENROD COPY - DIVISION/SUPT. OFFICE)

Part — B / Control #: 2007 X 1217

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF A DETAINEE*

Detainee's Last Name: Hanson   First Name: Demetrius   ID#: 7005-00066618

Is This Grievance An Emergency?   YES ☐   NO ☒

C.R.W.'S Summary Of The Complaint: Detainee alleges to officer abuse.

C.R.W. Referred Griev. To: I.A.D.   Date Referred: 6/14/07

Response Statement: IAD _____ Shaw _____ refuse _____ or _____ Jeff, _____ Her _____ C/o _____ Medical show no injury to detainee. No CMD _____ ___ be Ind.

Dr. Miriam Kenkes — Dr Z. O___   Date: 6/25/07   Div./Dept.: IMD
(print - name of individual responding to this griev.) (signature of individual responding to this griev.)

Lt. _____ — R. _____ #95   Date: 6/26/07   Div./Dept.: 9
(print - name of Supt. / Designee / Dept. Admin.) (signature of Supt. / Designee / Dept. Admin.)

J. M___ — ___   Date: 6/26/07
(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 6/27/07   Detainee Signature: Demetrius _____

### REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: ___/___/___

Detainee's Basis For An Appeal: _____

Appeal Board's Acceptance Of Detainee's Request:   YES ☐   NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator: _____

Appeal Board's Signatures / Dates: _____

Date Detainee Rec.'d the Appl. Bd.'s Response: ___/___/___   Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)